IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID LEE OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-02040 |
| ) | |
| MOLLY O'TOOLE, DOCTOR [N/F/N] NWOZO, ) | Chief Judge Sharp |
| DOCTOR [N/F/N] SEAHORN, DOCTOR [N/F/N] ) | |
| WHESBERE, and DEBERRY SPECIAL ) | |
| NEEDS FACILITY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff David Lee Owens, an inmate confined at the Lois M. DeBerry Special Needs Facility ("DSNF") in Nashville, Tennessee, filed a civil rights complaint under 42 U.S.C. § 1983 against defendants DSNF, Tennessee Department of Correction ("TDOC"), Doctor Molly O'Toole, Doctor Nwozo, Doctor Seahorn, and Doctor Whesbere, charging deliberate indifference to his serious medical needs. (ECF Nos. 1, 7.) The action was filed in the United States District Court for the Western District of Tennessee. That court granted the plaintiff's application to proceed *in forma pauperis* and transferred the action to this Court as the appropriate venue, under 28 U.S.C. § 1406(a). The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.     Factual Allegations**

The plaintiff devoted substantial space in his complaint to a discussion of various standards of review but included relatively few actual facts. The complaint alleges only that he brings this action against DSNF and "against medical and mental state contractors under 1983 civil suit for deliberate indifference to prisoner's health. In violation of the Eighth Amendment[']s prohibition of cruel and unusual punishment." (ECF No. 1, at 3.) In support of such claims, he alleges only that he was transferred from West Tennessee State Penitentiary to DSNF for a mental health evaluation, and that the "mental health doctor and mental health provider" at DSNF ignored information in his file concerning allergies and that he has been informed by prior medical practitioners that he is allergic to some medications. It is unclear from the complaint whether the plaintiff believes he was prescribed a medication to which he is allergic. In any event, he does not allege that he suffered an adverse reaction to any medication.

The documentation attached to his complaint includes a copy of two grievances, an appeal of one of the grievances, and DSNF officials' responses thereto. In his grievances, the plaintiff complains generally that he did not receive adequate, professional care from three different medical practitioners at DSNF (Dr. Nwozo, Dr. Seahorn, and Dr. Whesbere). The plaintiff insists that he has received inadequate care by medical professionals who do not talk with him, are not prescribing appropriate medications and tests, and have not performed a thorough examination as required by his treatment plan.

The Court will also consider the facts as alleged in the plaintiff's more recently filed motion for temporary restraining order ("TRO") and supporting affidavit. The plaintiff states that his TRO is brought against TDOC. In the supporting affidavit, the plaintiff alleges that Dr. Molly O'Toole is "threatening" him with the illegal administration of "psychotic medication" that has "been previously determined by an outside medical doctor to cause allergic reactions to Plaintiff David Lee Owens." (ECF No. 7, at 1.) The plaintiff asserts that either the threat or the actual administration of this unnamed medication is or would

be in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*) The plaintiff further alleges generally that "Defendants," whom he does not specifically identify, are "continuing to threaten Plaintiff 'with forced medication without probable cause.' And 'without affording Plaintiff a probable cause hearing.'" The plaintiff specifically states that he does not pose a threat to himself or others.

## III.     Discussion

### A.     Eighth Amendment Claim

To state a claim under 42 U.S.C. § 1983 for violation of a prisoner's Eighth Amendment rights based on the provision of inadequate medical care, the prisoner must show that the prison officials have acted with deliberate indifference to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). In *Estelle*, the Supreme Court concluded that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. *Id.* at 104.

The plaintiff here alleges that Dr. Molly O'Toole is "threatening" him with the administration of medication to which he has had an allergic reaction in the past, in "direct violation" of his right to be free from "cruel and inhumane treatment." (ECF No. 7, at 1.) He does not identify the medication; he does not state that the medication has actually been administered, why it is being threatened, or what type of "allergic" reaction the plaintiff had to the medication in the past. Generally speaking, of course, verbal threats do not give rise to a constitutional violation. *See, e.g.*, *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). On the other hand, the Supreme Court has recognized that "[t]he Eighth Amendment . . . requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.' . . . It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (citations omitted). In other words, the Eighth Amendment's protection against deliberate indifference to serious health problems extends, in some circumstances, to conditions that threaten to cause health problems in future. *Id.*

It is unclear at this juncture whether this case falls within the scope of *Martin* or the scope of *Helling*. The Court nonetheless finds, for purposes of the initial review only, that the plaintiff's allegation that Dr. O'Toole has threatened to administer medication to which he has previously had an allergic reaction, and that Dr. O'Toole is or should be aware that the medication had an adverse effect on him, states a colorable claim under the Eighth Amendment. However, the plaintiff's inchoate allegations fail to state a claim for which relief may be granted against the remaining individual defendants, because he does not allege any facts suggesting these individuals have engaged in unconstitutional behavior.

Likewise, the plaintiff fails to state a claim against DSNF or TDOC. DSNF is simply one prison facility operated by TDOC, a state agency. TDOC is not a "person" within the meaning of § 1983, and is therefore not a proper defendant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *see also* Tenn. Code Ann. § 4-3-101 (2006) (listing Department of Corrections as an administrative department of the state). Moreover, TDOC, as a state agency, is immune from suit under the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979); *see Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."); *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010) (Eleventh Amendment immunity extends to state agencies and departments). The only exceptions to a state's immunity are (1) if the state has consented to suit or (2) if Congress has properly abrogated a state's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Neither of these exceptions applies to § 1983 suits against the state of Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (reaffirming that Congress did not abrogate states' immunity when it passed § 1983). The complaint against DSNF is therefore subject to dismissal.

**B.     Due-Process Claim**

Based on the allegations in his affidavit, it appears the plaintiff also intends to state a claim based on an alleged threatened violation of his Fourteenth Amendment right to due process. The Supreme Court has acknowledged that a prisoner has a "liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v.*

*Harper*, 494 U.S. 210, 221–22 (1990). This right is not absolute; prison officials have an "obligation to provide prisoners with medical treatment consistent not only with their own medical interests, but also with the needs of the institution." *Id.* at 225. Consequently, prison officials may administer psychotropic drugs to a prisoner against his will "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. The plaintiff here alleges that he is not a threat to himself or others, but that the "Defendants" generally "are continuing to threaten Plaintiff with forced medicating without Probable Cause." (ECF No. 7, at 2.)

The plaintiff, again, does not allege that he has actually been administered anti-psychotic drugs against his will; he alleges only that he has been threatened with the administration of medication against his will. The Court finds under the circumstances presented here that the threat of an unconstitutional practice (a violation of due process) does not itself give rise to a cause of action under § 1983. With regard to a threat of a violation of a plaintiff's right to procedural due process, the Court finds that, until some event occurs without being preceded by the requisite process, there can be no constitutional violation. The Court therefore finds, at this juncture, that the complaint fails to state a claim under § 1983 for a due-process violation for which relief may be granted. Dismissal of this claim, of course, will be without prejudice to the plaintiff's ability either to amend his complaint or to file a new action if he is at a later date actually administered anti-psychotic medication against his will and without due process.

### III. CONCLUSION

For the reasons set forth herein, the Court will permit the § 1983 claim to proceed against defendant Dr. Molly O'Toole based on allegations of a violation of the plaintiff's Eighth Amendment rights. All remaining claims will be dismissed for failure to state a claim for which relief may be granted. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge