IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID LEE OWENS ) | |
| ) | |
| v.  ) | NO. 3:14-2040 |
| ) | |
| MOLLY O'TOOLE ) | |

TO: Honorable Kevin H. Sharp, Chief District Judge

### REPORT AND RECOMMENDATION

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Lois M. DeBerry Special Needs Facility. He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 against several defendants based on allegations that he was being threatened with the forcible administration of psychotropic medication in violation of his Fourteenth and Eighth Amendment rights. By Order entered November 12, 2014 (Docket Entry No. 9), the Court found that the plaintiff had stated a colorable constitutional claim against Defendant Molly O'Toole, a psychiatrist who works with TDOC inmates, for a violation of the plaintiff's Eighth Amendment rights. On December 11, 2014, Defendant O'Toole filed an answer (Docket Entry No. 15), and a scheduling order (Docket Entry No. 16) was entered on December 12, 2014.

By Order entered January 9, 2015 (Docket Entry No. 23), the Court directed that Defendant O'Toole file a response to the plaintiff's pending motions (Docket Entry Nos. 6 and 19) for

restraining orders in which he complained that he was being forced to take medications to which he objects and without any form of due process.

The plaintiff thereafter filed a "motion to withdrawal" (Docket Entry No. 24), which consisted of nothing other than the motion's heading. On January 16, 2015, Defendant O'Toole filed her response to the Order stating that the plaintiff had been administered psychotropic medication in May 2014, after the plaintiff's situation and his need for medication was reviewed by a Treatment Review Committee, that the plaintiff has been continuously administered medication with some adjustments since that time, and that O'Toole has met with the plaintiff to discuss the original administration of the medication and the subsequent adjustments. See Affidavit of O'Toole (Docket Entry No. 25-1). Defendant O'Toole also states that she recently met with the plaintiff for a clinical assessment and that the plaintiff made an unsolicited statement to her that he "was satisfied with his medication regimen" and "he intended to withdraw his lawsuit." Id. Defendant O'Toole states that she does not oppose the plaintiff's voluntary dismissal of the case, but requests an extension of time to respond to the plaintiff's motions for preliminary injunctive relief in the event that the plaintiff indicates a desire to continue the lawsuit. See Response (Docket Entry No. 25).

In light of the plaintiff's recent filing of the "motion to withdrawal" and the affidavit statements from Defendant O'Toole concerning her recent conversation with the plaintiff, the Court finds that the plaintiff intended his recent filing as a motion to dismiss the lawsuit. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, if an answer has been filed prior to the plaintiff's request for voluntary dismissal, "an action may be dismissed upon the plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal is without prejudice unless the court states otherwise in its order dismissing the case. Id. The purpose of Rule 41(a)(2)

is to protect the nonmovant from unfair treatment. See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009). In the instant action, Court finds that the action should be dismissed as requested by the plaintiff and that, given the relatively early stage of this lawsuit, the dismissal should be without prejudice.

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that the Plaintiff's request for voluntary dismissal (Docket Entry No. 24) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*[signature]*
JULIET GRIFFIN
United States Magistrate Judge