IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID LEE OWENS ) | |
| ) | |
| v. ) | NO. 3:14-2040 |
| ) | |
| MOLLY O'TOOLE ) | |

TO:   Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Lois M. DeBerry Special Needs Facility ("DSNF"). On October 27, 2014, he filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against prison medical staff based on allegations that his medical and mental health needs were not being adequately and professionally treated. *See* Complaint (Docket Entry No. 1). No specific relief was requested by Plaintiff. In a motion for a temporary restraining order filed shortly after his Complaint, Plaintiff further alleged that he was being threatened with the forcible administration of psychotropic medication in violation of his constitutional rights and sought to stop any such action by TDOC medical providers. *See* Docket Entry Nos. 6-7.

By Order entered November 12, 2014 (Docket Entry No. 9), the Court found that Plaintiff stated a colorable Eighth Amendment claim against Defendant Molly O'Toole, a psychiatrist who works with TDOC inmates, based on allegations that one of the medications at issue had previously caused Plaintiff to suffer adverse allergic reactions. *See* Memorandum (Docket Entry No. 8 at 4).

Defendant O'Toole filed an answer (Docket Entry No. 15), and a scheduling order (Docket Entry No. 16) was entered.

As a result of filings made by Defendant O'Toole, it came to be known to the Court that, on March 4, 2015, the Seventh Circuit Court of Davidson County, Tennessee, upon the petition of TDOC and after a hearing, (i) found Plaintiff to be a "person with a disability" within the meaning of Tennessee Code Ann. § 31-1-101(13) who is incapable of managing his own affairs, (ii) deprived him of the right to give consent to medical and psychiatric examinations and treatment, and (iii) appointed Harold E. Owens, Plaintiff's brother, as a limited conservator for Plaintiff vested with the right and responsibility to consent to medical and psychiatric examinations and treatment, including forcible treatment on behalf of Plaintiff. *See* Order for Appointment of Conservator entered in the Seventh Circuit Court of Davidson County (Docket Entry No. 55). Upon becoming aware of the conservatorship, the Court alerted the conservator to the instant lawsuit. *See* Order entered June 18, 2015 (Docket Entry No. 54). To date, the conservator has not contacted the Court.[1]

The state court held a interim review hearing on July 23, 2015, for the purpose of reviewing Plaintiff's allegations that his constitutional rights had been violated and his dispute of the report from an appointed Guardian Ad Litem that was presented at the prior hearing.[2] After hearing testimony from Plaintiff, who was assisted by an appointed Attorney Ad Litem, and from Defendant O'Toole, the state court found that it was in the manifest best interest of Plaintiff to continue to have

---

[1] Although the certified mail containing a copy of the June 18, 2015 Order that was sent to the conservator was returned unclaimed, *see* Docket Entry No. 61, the regular mail sent to the conservator was not returned.

[2] On June 15, 2015, Plaintiff filed a letter with the Court (Docket Entry No. 51), in which he stated that he was fighting the conservatorship.

a limited conservator and denied Plaintiff's request to set aside or modify the limited conservatorship. *See* Order Upon Interim Review entered in the Seventh Circuit Court of Davidson County (Docket Entry No. 62-1).

Presently pending before the Court are 1) Plaintiff's motion (Docket Entry No. 45) for a temporary restraining order to remove Defendant O'Toole as his treating psychiatrist and 2) Defendant O'Toole's motion (Docket Entry No. 48) to have the limited conservator served and to require him to move to be substituted as representative for Plaintiff and, if no substitution is made, to have the action dismissed. Defendant O'Toole argues that this matter cannot be prosecuted at this time without the consent and participation of the conservator. *See* Docket Entry No. 48 at 3. For the reasons set out below, this action should be dismissed.

At the time Plaintiff filed the instant lawsuit, he clearly disagreed with the manner of his treatment by the medical staff at the DSNF and, specifically, with the proposal to administer to him a particular medication. Given that a conservator had not been appointed at the time the lawsuit was filed, he could act upon his disagreements by initiating the lawsuit. However, the state court's appointment of a conservator deprives Plaintiff of the authority to object to treatment proposals and to actual treatment and vests the responsibility for those decisions with the conservator. Thus, to the extent that Plaintiff seeks an order removing Defendant O'Toole as a treating physician or an order prohibiting Plaintiff from being administered any particular medication, which is the only relief requested by him, he no longer has the right to pursue this relief. Furthermore, the record of the state court proceedings indicates that Plaintiff was provided with due process regarding the appointment of the conservator and that the state court will hear Plaintiff's concerns about his health care and the necessity of the conservator.

Given the exceedingly narrow scope of the issue before the Court,[3] the Court finds that there is no current factual basis supporting the constitutional claim presented by Plaintiff and no basis for Plaintiff's request for injunctive relief prohibiting the administration of medication to him. Because events have occurred during the pendency of the litigation that render the Court unable to grant the relief requested, this action warrants dismissal because it does not present an actual case or controversy. *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Additionally, concerns for comity and the authority of the state court to determine and monitor the continued need for a limited conservatorship for Plaintiff require that any issues Plaintiff has with the manner or necessity of any health care be directed to the conservator and/or the state court.[4] *See e.g. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 1527, 161 L. Ed. 2d 454 (2005) (Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation).

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that this action be DISMISSED. Plaintiff's motion (Docket Entry No. 45) for a temporary restraining order and

---

[3] Because dismissal of the action is warranted for the reasons stated, the Court declines to address whether the state court's removal from Plaintiff of his right to make health care decisions and the appointment of a conservator for those decisions renders Plaintiff incompetent for the purposes of Rule 17(c) of the Federal Rules of Civil Procedure.

[4] As set out in the state court's order appointing the conservator, several safeguards exist whereby the state court may modify or terminate the conservatorship based upon future events. *See* Docket Entry No. 55 at 3-4.

Defendant O'Toole's motion (Docket Entry No. 48) for various relief should accordingly be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge